PHILIP A. MEESE, ET AL., PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

**Unlawful Assembly.** The owner of a dwelling has no authority by force and violence to enter the same and remove the furniture or disturb the party lawfully in possession thereof, and if he do so with other persons, being three or more in all, they may be convicted of unlawful assembly.

ERROR to the district court for Saunders county. Tried below before GEORGE W. POST, J.

*M. H. Sessions*, for plaintiffs in error.

*Isaac Powers, Jr.*, Attorney General, for the State.

MAXWELL, J.

In October, 1882, the district attorney filed a complaint in the district court of Saunders county, charging that Da-

vid Meese, Phillip Meese, William Owen and Seth Bowers " did unlawfully, riotously, and routously assemble together then and there, with the unlawful intent then and there to do certain unlawful acts with force and violence, against the person and property of her, the said Annetta Meese, to-wit: with the intent then and there unlawfully, violently, and in a menacing manner to assault her the said Annetta Meese, and with the intent then and there unlawfully to break and enter the dwelling house of her the said Annetta Meese, in which she, the said Annetta Meese, then and there dwelt and resided, and with the intent then and there unlawfully to take, remove, and disturb the household goods and effects of her the said Annetta Meese, against the peace and dignity of the state."

On the trial of the cause the jury returned a verdict finding the defendants guilty as charged in the complaint. A motion for a new trial having been overruled, the court imposed a fine of fifteen dollars each on David and Philip Meese, and a fine of five dollars each on Bowers and Owen, together with the costs of the action. A large number of errors were assigned in the motion for a new trial, and are now assigned in the petition in error, but do not seem to be relied upon, as the principal objection urged in the brief is that the testimony does not sustain the verdict.

It appears from the testimony that Annetta Meese, at the time the offense is alleged to have been committed, was lawfully occupying a dwelling house upon lands claimed by one of the defendants below. There is some contention as to the ownership of the land, it being at the time a homestead under the United States statutes, and in dispute. But we attach no importance to the question of title, as whatever the ultimate rights of the parties may be, all the testimony shows that for the time being at least she was lawfully in possession and had been for a number of years. At the time the offense is alleged to have been committed,

the testimony shows that the defendants below went to the residence of Mrs. Meese with lumber and material and erected a shanty adjoining her dwelling and stairs to an upper room,' and that they forcibly entered into some of the rooms through a window and removed her goods from the same. All this was done in a violent manner and in clear violation of law.    Sec. 26 of the criminal code provides that "if three or more persons shall assemble together with intent to do any unlawful act with force and violence, against the person or property of another, or do any unlawful act against the peace, or, being lawfully assembled, shall agree with each other to do any unlawful act as aforesaid, and shall make any movement or preparation therefor, the persons so offending shall be fined in any sum not exceeding one hundred dollars, and be imprisoned in the jail of the county not exceeding three months."

The law does not permit even the owner of property by force and violence to disturb any one lawfully in possession of the same.    And if he with other persons constituting in all three or more, assemble together for the purpose of committing an unlawful act against such person by force and violence, as by forcibly entering the dwelling and removing the furniture and disturbing the possession, they are clearly guilty of a violation of the statute above quoted. The law has provided an adequate remedy for the recovery of the possession of land and does not permit force and violence to take the place of right and justice.    The testimony shows beyond question that these parties are guilty; and there is no material error in the proceedings.    The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

COBB, CH. J., concurred.

REESE, J., did not sit in this case and took no part in the decision.